UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESIGN BASICS, LLC,

       Plaintiff,                                Case No. 1:10-CV-696

v.                                                     Hon. Robert J. Jonker

ROERSMA & WURN BUILDERS, INC., et al,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

Pending before the court is Plaintiff's Motion for Partial Summary Judgment (docket no. 102). In this motion, plaintiff wants the court to find that plaintiff Design Basics, LLC (DB LLC) is the owner of ten copyrighted residential house plans at issue, and that defendants had access to those copyrighted plans. These are material facts in this case, since they are crucial elements of plaintiff's copyright infringement claim. The elements of a copyright-infringement claim are (1) ownership of the copyright by the plaintiff and (2) copying by the defendant. *ATC Disp. Group, Inc. v Whatever It Takes Transmissions & Parts, Inc.,* 402 F.3d 700, 705 (6th Cir. 2005); *Ellis v Diffie,* 177 F.3d 503, 506 (6th Cir. 1999). Plaintiff states that it "can conclusively establish its ownership of a valid copyright on each of the ten (10) works at issue." Plaintiff's brief at 4 (docket no. 102).

Rule 56(a), Fed.R.Civ.P., provides that a party may move for summary judgment on "each claim or defense – or [ ] part of each claim or defense." If the court does not grant all of the

relief requested by the motion, it may enter an order stating any material fact that is not genuinely in dispute and treating the fact as established in the case. Fed.R.Civ.P. (g).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by":

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, a plaintiff may not simply rely upon the allegations of its complaint to defeat summary judgment. *Tullis v. UMB Bank, N.A.*, 423 Fed. Appx. 567, 570 (6th Cir. 2011).

**Ownership of the Copyrighted Works**

Plaintiff DB LLC is an architectural design firm based in Omaha, Nebraska, which claims that it owns hundreds of copyrighted residential house plans.  Among these copyrighted house plans are ten which plaintiff identifies as being at issue in this case:

- a) 8503 Creedmore –  Copyright # VA 1-074-896
- b) 2638 Linden –  Copyright # VA 540-030
- c) 2285 Prairie – Copyright # VA 467-639
- d) 8536 Sumner – Copyright # VA 1-120-441
- e) 8523 Bridgeland – Copyright # VA 1-074-916
- f) 2545 Deming – Copyright # VA 542-639
- g) 2309 Edmonton – Copyright # VA 467-637
- h) 8524 Elgin – Copyright # VA 1-074-917
- i) 8524 Elgin – Copyright # VA 1-077-469
- j) 8508 Woodlawn – Copyright # VA 1-074-901

Plaintiff contends there is no genuine dispute that it owns these copyrights.  Attached to plaintiff's brief are the Certificates of Copyright Registration for each of these ten plans. The copyright certifications, however, all name as the author and claimant of the copyrights, "Design Basics, Inc.," not the plaintiff in this case, "Design Basics, LLC."  Defendants, in their response, contested the ownership assertion in the motion by pointing out that plaintiff failed to introduce any evidence to establish any transfer of the copyrights from Design Basics, Inc. to plaintiff DB LLC.

Up to that point in the proceedings, it appears plaintiff simply believed that its assertion of ownership in the complaint was sufficient.

When defendants responded that DB LLC had shown nothing to establish the transfer of the copyright ownership from Design Basics, Inc., plaintiff filed a reply brief stating that it owned these copyrighted plans by operation of law, pointing out that Design Basics, Inc., which owned the copyrights, had merged into DBI Holdings, LLC, which then changed its name to Design Basics,

LLC. Plaintiff's Reply Brief, at 3. Plaintiff alleges this merger vested the surviving company, plaintiff DB LLC, with Design Basic, Inc.'s copyrights.

In support of this contention, plaintiff produced for the first time various documents, one of which purported to be a stock purchase agreement. The stock purchase agreement shows that the two owners of Design Basics, Inc., Linda Reimer, its president, and the Brozak Trust, sold their ownership of Design Basics, Inc. to DBI Holdings, LLC, aTexas limited liability company, on May 21, 2009. *See* Stock Purchase Agreement, Exhibit 3 to Plaintiff's Reply Brief (docket no. 140).

Plaintiff has the burden of proving its ownership of these copyrights. At oral argument, defendant's attorney correctly pointed out that these documents should have been produced pursuant to Rule 26, Fed.R.Civ.P., at the commencement of the lawsuit. Fed.R.Civ.P. 26(a)(1)(A)(ii) provides that a copy of all documents that the disclosing party has in its possession and may use to support its claims must be provided without awaiting a discovery request.

Defense counsel further points out that defendants have not had the opportunity to take discovery concerning these documents, and the court can understand why defendants may wish to inquire. For example, there does not appear to be any authentification of the stock purchase agreement. Also, the stock purchase agreement identifies DBI Holdings, LLC as "a Texas limited liability company," yet the "Articles of Organization of DBI Holdings, LLC" (predecessor to plaintiff Design Basics, LLC pursuant to a name change in Nebraska) identifies DBI Holdings, LLC as a limited liability company organized "pursuant to the provisions of the Nebraska Limited Liability Act." *See* Articles of Organization of DBI Holdings, LLC, Exhibit 1 to Plaintiff's Reply Brief. The Articles of Organization forming DBI Holdings, LLC (Nebraska) were not executed until June 22, 2009, a month after the stock purchase. The relationship between the two DBI Holdings,

LLCs, is not clear. Plaintiff argues that on June 24, 2009, DBI Holdings, LLC (Texas) assigned all of its rights in the Stock Purchase Agreement to two individuals, Patrick M. Carmichael and Myles G. Sherman, *see* Plaintiff's Reply Brief at 4, n. 3, but the assignment is not authenticated, nor is it signed by the Assignor or the Assignees. *Id.* at Exhibit 4. Whatever explanations may be forthcoming concerning ownership of these copyrights, the court cannot say at this point in the proofs that there is no dispute as to their ownership, which, as noted, is certainly a material fact.

### Access to the Copyrighted Works

To prevail at trial and on a motion for partial summary judgment, plaintiff also must prove that defendants had access to plaintiff's copyrighted house plans. To do this, plaintiff relies on two lines of reasoning. First, plaintiff relies on statements by employees of the defendant Roersma & Wurn Builders, Inc. (RWB) that they all saw DB LLC plan books in the defendants' offices. Secondly, plaintiff relies on its own records to indicate that it sent many such plan books to defendants since 1991, and that these plan books contain the copyrighted works at issue.

The testimony by the defendants' employees that they saw some of plaintiff's design books lying in their offices is virtually meaningless. Defendants had received various plan books (plaintiff contends at least 80), but has not offered the court any records in support, and the ten copyrighted house plans were not contained in all of them. Since none of the employees identified any particular plan book, nor testified as to the contents of the ones they did see, there is not evidence defendants saw, or had "access" to, the ten specific copyrighted plans in question. At most, the fact that employees saw some of plaintiff's design books lying around their offices only confirms what is not disputed, namely that defendants received some design books from plaintiff.

Plaintiff also contends that it had thousands of house plans contained in its various plan books, and that 80 of these plan books were sent to defendants. This does not carry the day for plaintiff either. The only evidence before the court supporting this contention is a February 24, 2012 declaration prepared by Carl Cuozzo, a longtime designer of house plans for plaintiff, in support of this motion. Mr. Cuozzo states that the ten floor plans at issue "are contained within the over 80 plan books mailed to Roersma & Wurn Builders, Inc." No identification of these 80 particular plan books has been offered to the court, and plaintiff has not identified which plan books contained the ten copyright plans in question.

Mr. Cuozzo's assertion is disputed. Defendant Mark Wurn, in his deposition, specifically contradicted plaintiff's contention that plaintiff had sent defendants 80 books.

| | |
|---|---|
| Question (by plaintiff's counsel:) | "So you dispute Design Basics' contention that they sent Roersma & Wurn 80 books?" |
| Answer: | "Yes" |

Deposition of Mark Wurn, January 27, 2012, at 38. Glenn VanOrman, an employee of defendants, was also deposed by plaintiff's counsel. When asked if he thought 80 plan books was not a correct number, he testified, "I don't think we ever had 80 plan books, . . . I don't remember that kind of a number as far as plan books." Deposition of VanOrman, January 28, 2012, at 45-46. If less than 80 plan books were sent to defendants, there is no certainty all ten plans were sent either.

The most significant contradiction of Mr. Cuozzo's declaration, however, is found in his own deposition taken November 9, 2011, only three months before he prepared his declaration. In his deposition, Mr. Cuozzo was asked about whether specific plans were contained in any of the materials shipped to defendants. He testified that six of the ten copyrighted plans either were not contained in the plan books sent to defendants (Woodlawn plan) or he was not sure if the

6

plans were included in the plan books (Elgin, Bridgeland, Creedmore, Sumner). Deposition of Carl Cuozzo, November 9, 2011, at 88-89. Plaintiff, of course, cannot use Mr. Cuozzo's subsequent declaration to establish a fact which contradicts a prior deposition. "When a motion for summary judgment has been filed, a party cannot create a factual issue by filing an affidavit which contradicts earlier testimony." *Lanier v. Bryant*, 332 F.3d 999, 1004 (6th Cir. 2003).

Plaintiff has attempted to show that defendants' access to the copyrighted plans is undisputed by demonstrating that the ten house plans at issue were contained somewhere within 80 design books furnished to defendants. But the fact that defendants in their deposition disputed even receiving 80 books, coupled with the inconsistency of plaintiff's own witness, precludes the court from finding that there is no genuine dispute concerning defendants' access to the plans.[1]

### Recommendation

I respectfully recommend Plaintiff's Motion for Partial Summary Judgment (docket no. 102) be **DENIED**, except for a finding that defendants had access to the Deming (Copyright

---

[1] There are two exceptions. Defense counsel conceded at the oral argument that his clients had had access to two of the plans, identified as Deming (Copyright #VA 542-639) and Edmonton (Copyright #VA 467-637).

#VA 542-639) and Edmonton (Copyright #VA 467-637) plans, and that plaintiff need not prove this fact further at trial, and to this limited extent the motion should be **GRANTED.**

Dated:  April 23, 2012                         /s/ Hugh W. Brenneman, Jr.
                                                    HUGH W. BRENNEMAN, JR.
                                                    United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).