UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESIGN BASICS, LLC,

    Plaintiff,

v.

ROERSMA & WURN BUILDERS, INC.,

    Defendant.
_____/

Case No. 1:10-cv-696

Hon. Robert J. Jonker

**REPORT AND RECOMMENDATION**

This matter is now before the court on defendants' motion for partial summary judgment based upon statute of limitations (docket no. 112) and plaintiff's motion for partial summary judgment dismissing defendants' statute of limitations defense (docket no. 115).

**I.    Background**

Plaintiff has brought this action pursuant to 17 U.S.C. § 101 *et seq.* (the "Copyright Act") and 17 U.S.C. § 1202 *et seq.* (the "Digital Millennium Copyright Act") to protect its rights to certain home plans and designs. *See* First Amend. Compl. at ¶¶ 1 and 13 (docket no. 71). Plaintiff alleged that it owns certain rights in and related to six Copyright Registration Numbers: VA 1-074-916; VA 542-639; VA 467-637; VA 1-074-917; VA 1-077-469; and VA 1-074-901. *Id.* at ¶ 14. Plaintiff alleged that defendants have infringed on these six copyrights, and additional unidentified copyrights, by using plaintiff's copyrighted plans to build homes.[1] *Id.* at ¶¶ 16 and 23. In answering the first amended complaint, defendants raised special and affirmative defenses,

---

[1] The court is aware of four other copyrights at issue in this action: VA 1-074-896; VA 540-030; VA 467-639; and, VA 1-120-441. *See* Plaintiff's Brief at p. 2 (docket no. 103).

including the defense that "Plaintiff's claims are barred by the applicable statute of limitations." Answer to First Amend. Compl. at p. 12 (docket no. 76).  In their motion for partial summary judgment, defendants contend that the majority of plaintiff's claims are barred by the Copyright Act's statute of limitations, 17 U.S.C. § 507(b).  Plaintiff has filed a motion for partial summary judgment seeking to strike defendants' statute of limitations defense as unsupported by the record. Because both of these motions address the merits of the statute of limitations defense, the court will review them as cross-motions for partial summary judgment.

## II. Motions for summary judgment

### A. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Rule 56 further provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by":

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.  Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present

> significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### B.     The statute of limitations

The Copyright Act's statute of limitations, 17 U.S.C. § 507(b), provides that "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."  At issue in this case is when plaintiff's claims for copyright infringement accrued.  The Copyright Act is silent as to when a copyright claim accrues for purposes of the three-year statute of limitations.  The Sixth Circuit has explained that "[a] copyright-infringement claim 'accrues when a plaintiff knows of the potential violation or is chargeable with such knowledge.'" *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 390 (6th Cir. 2007), quoting *Bridgeport Music, Inc. v. Rhyme Syndicate Records*, 376 F.3d 615, 621 (6th Cir. 2004). *See also*, *Bridgeport Music, Inc. v. Diamond*, 371 F.3d 883, 889 (6th Cir. 2004) (same).  This court follows the guidance of the Sixth Circuit, and the Sixth Circuit's pronouncement could hardly be more straightforward.  The inquiry focuses on the copyright owner's knowledge (i.e., what was the date when the plaintiff learned, or should have learned, of the infringing conduct, rather than when the infringing action may have occurred.)  This approach, oftentimes referred to as the "discovery rule," is not unfair to either side.  If an infringement is initially remote, concealed or not subject to reasonable discovery by an unsuspecting copyright holder in his everyday routine, he should not lose his copyright protection unwittingly.  Conversely,

3

if the infringement is open and notorious, the copyright holder should be expected to discover it within a three year period.

"Because each act of infringement is a distinct harm, the statute of limitations bars infringement claims that accrued more than three years before suit was filed, but does not preclude infringement claims that accrued within the statutory period." *Bridgeport Music, Inc.*, 376 F.3d at 621; *Roger Miller Music, Inc.*, 477 F.3d at 390 (same). To bar a copyright violation action on statute of limitations grounds here, defendants must demonstrate that plaintiff knew of the putative violation, or was chargeable with such knowledge, more than three years before plaintiff filed suit on July 21, 2010. *See Roger Miller Music, Inc.*, 477 F.3d at 390; *Bridgeport Music, Inc.*, 376 F.3d at 621; *Bridgeport Music, Inc.*, 371 F.3d at 889. In other words, the statute of limitations does not bar a claim for copyright infringement provided that plaintiff first knew of the potential violation, or was chargeable with such knowledge, on or after July 21, 2007. However, the statute of limitations does bar a claim for copyright infringement if plaintiff discovered the potential violation, or was chargeable with knowledge of the violation, before July 21, 2007.[2]

---

[2] Defendants point out that two previous decisions in this district construed § 507(b) differently and that this court "must follow" these decisions under the doctrine of *stare decisis*. *See Goldman v. Health care Management Systems*, No. 1:05-cv-35, 2008 WL 2559030 at *3 (W.D. Mich. June 19, 2008) (in ruling on motion for reconsideration, court held that where the plaintiff filed a complaint roughly one year after learning of a copyright infringement, he was "limited to seeking damages for infringements which occurred during the three years prior to the date the complaint was filed" ); *Phoenix Publishing International, Inc. v. Mutual of Omaha Insurance Company*, No. 1:99-cv-92, 2000 WL 33173916 at *1 (W,D, Mich. April 5, 2000) (finding that § 507barred recovery of the plaintiff claims based on damages accruing more than three years before the complaint was filed, the court rejected plaintiff's claim that the statute of limitations was tolled until the plaintiff "had knowledge of the copyright violation").

As an initial matter, *Phoenix Publishing* was decided before the Sixth Circuit provided guidance on the meaning of "accrued" in the *Bridgeport Music* and *Roger Miller Music* decisions. More importantly, the court rejects defendants' contention that it is bound to follow decisions of other judges in this district. On the contrary, "federal district judges, sitting as sole adjudicators, lack authority to render precedential decisions binding other judges, even members of the same court." *American Electric Power Company, Inc. v. Connecticut*, -- U.S. --,  131 S.Ct. 2527, 2540 (2011). *See also*, *Camreta v. Greene*, -- U.S. --, 131 S.Ct.

### C.     The copyrights and infringements at issue

According to defendants, plaintiff has alleged that defendants infringed ten of its copyrighted home designs in constructing seventy-three homes from 2001 through 2010. Defendants' Brief at p. 2. In their motion, defendants contend that sixty-eight of these alleged infringements occurred more than three years prior to the filing of plaintiff's complaint, that these infringements are barred by the statute of limitations, and that they (defendants) are entitled to partial summary judgment on these infringements. *Id.*  Defendants' assertions, however, are not supported by the present record. As discussed, plaintiff's first amended complaint alleged that defendants infringed six copyrights as well as additional copyrights (four of which have been identified). In addition, the first amended complaint does not identify the seventy-three alleged acts of infringement referred to by defendants. Rather, these seventy-three acts of infringement appear on the "Summary of RWB Jobs at Issue" (the "summary") attached to defendants' brief at Exhibit B (docket no. 113-2). The summary lists the "start date" and the "end date" for most of the buildings which, from defendants' perspective, infringed on plaintiff's copyright. *See* Summary (docket no. 113-2). Plaintiff has objected to this summary, stating in part, "[p]utting aside that this document is entirely without foundation, its authenticity is questionable and it is demonstrably inaccurate; the dates on which these infringements ***occurred*** is irrelevant to the issue of whether the statute of limitations has run." Plaintiff's Brief at p. 2, fn. 1 (emphasis in original). The court agrees. Even if this was an accurate and authenticated list which referenced each alleged infringement to a corresponding copyright alleged in plaintiff's complaint, the start and end dates

---

2020, 2033 at fn. 7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case") (quoting 18 J. Moore et al., Moore's Federal Practice § 134.02[1] [d], p. 134–26 (3d ed.2011)).

for the construction are not necessarily the relevant dates for purposes of the statute of limitations because they only recount when the infringement occurred. The Sixth Circuit has stated that the statute of limitations begins to run – the claim accrues – when "a plaintiff knows of" the copyright violation (or is chargeable with such knowledge). *Roger Miller, supra.* Accordingly, the summary of the building dates does not reach the question of when plaintiff knew of defendants' infringements.

Actually, for purposes of these motions, the parties are sufficiently in agreement on this question. Carl Cuozzo, a designer for plaintiff, testified that he first discovered the alleged infringements while performing internet research, that the alleged infringement consisted of plans that appeared on defendant Roersma & Wurn's website, and that he conducted this research within one week of November 3, 2008. Cuozzo Dep. at pp. 82-83, 91-92 (docket no. 131-1). Plaintiff obviously had more specific information by March 15, 2010, when its attorney sent a letter to defendants advising them to cease and desist from using five infringing house plans (i.e., "Edmonton", "Deming", "Bridgeland", "Elgin", and "Woodlawn"). Attorney Lejune letter (March 15, 2010) (docket no. 113-3). This evidence establishes that plaintiff first discovered the alleged copyright infringements as early as November 2008. Plaintiff filed suit approximately 20 months later, well within three years of learning of the infringements.

Significantly, defendants do not disagree. Defendants admit that "there is no evidence to suggest that Plaintiff in the case at bar possessed knowledge of alleged infringement by Defendants more than three years prior to the time it commenced this action." Defendants' Response at p. 4 (docket no. 130).

Viewing this evidence in the light most favorable to the non-moving party in defendants' motion, the court concludes that there is no genuine dispute of material fact regarding plaintiff's filing suit within three years of its discovery of the copyright infringement, which is when plaintiff's claim accrued. All of the evidence presented to the court indicates that plaintiff first knew about the infringement within three years of filing this lawsuit. Similarly, plaintiff must prevail on its motion for partial summary judgment contending that the statute of limitations affirmative defense should be denied.

### III.    Recommendation

Accordingly, I respectfully recommend that defendants' motion for partial summary judgment (docket no. 112) be **DENIED** and plaintiff's motion for partial summary judgment (docket no. 115) be **GRANTED,** and the affirmative defense based on the statute of limitations be stricken.

Dated:  April 23, 2012                                              /s/ Hugh W. Brenneman, Jr.
                                                                                    HUGH W. BRENNEMAN, JR.
                                                                                    United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).