UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESIGN BASICS, LLC,

       Plaintiff,

CASE NO. 1:10-CV-696

v.

HON. ROBERT J. JONKER

ROERSMA & WURN BUILDERS, INC.,
*et al.*,

       Defendants.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation dated April 23, 2012, concerning the parties' cross-motions for partial summary judgment on the statute of limitations defense (docket # 148), and Defendants' Objections to the Report and Recommendation (docket ## 149, 150). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).  The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Defendants' objections.  The Court finds the Report and Recommendation factually sound and legally correct.

In his Report and Recommendation, Magistrate Judge Brenneman recommends granting partial summary judgment in favor of Plaintiff on Defendants' statute of limitations affirmative defense (docket # 148 at 7.)  At the heart of the cross-motions for partial summary judgment is the meaning of the word "accrued" in the Copyright Act's statute of limitations provision, which states that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507 (2012).  Plaintiff asserts that its claims accrued at the time Plaintiff became aware, or should have become aware, of the alleged infringements (the so-called "discovery rule").  Defendants contend that the claims accrued at the time the alleged infringements occurred (the so-called "injury rule").  After a careful review and discussion of governing Sixth Circuit precedent, the Magistrate Judge concluded that the claims accrued at the time Plaintiff first knew of the alleged violation, or was chargeable with knowledge of that violation.  (docket # 148 at 5.)  The Court agrees.  Because the uncontroverted proof shows that Plaintiff filed suit within three years after it became aware of the alleged infringements, Plaintiff is entitled to partial summary judgment on the statute of limitations defense.

Defendants raise multiple objections, none of which persuades the Court that a different outcome is appropriate.  Defendants object first that the Sixth Circuit has not held explicitly that a claim accrues under the Copyright Act when a claimant learns of, or should have learned of, the

putative infringement. (Obj., docket # 149, at 2.) However, the Sixth Circuit has, if not adopted the discovery rule outright, certainly endorsed the idea. *See Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 390 (6th Cir. 2007)("[a] copyright-infringement claim 'accrues when a plaintiff knows of the potential violation or is chargeable with such knowledge.'")(quoting *Bridgeport Music, Inc. v. Rhyme Syndicate Records*, 376 F.3d 615, 621 (6th Cir. 2004)). *See also Bridgeport Music, Inc. v. Diamond*, 371 F.3d 883, 889 (6th Cir. 2004)(same).

Moreover, the other circuits to consider the question have also decided that a copyright infringement claim accrues when a plaintiff knows or should have known -- discovers, or should have discovered -- the putative violation. *See, e.g. Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. KG*, 510 F.3d 77, 81 (1st Cir. 2007)("Under the [Copyright] Act, the cause of action accrues when a plaintiff 'knows or has reason to know of the act which is the basis of the claim.'"(quoting *Santa-Rosa v. Combo Records*, 471 F.3d 224, 227 (1st Cir. 2006)); *Warren Freedenfeld Assocs., Inc. v. McTigue*, 531 F.3d 38, 44 (1st Cir. 2008)(applying discovery rule in copyright infringement case); *William A. Graham Co. v. Haughey*, 568 F.3d 425 (3d Cir. 2009)("We conclude that the use of the discovery rule comports with the text, structure, legislative history and underlying policies of the Copyright Act. Thus ... in agreement with our sister courts of appeals, we hold that the federal discovery rule governs the accrual of civil claims brought under the Copyright Act."); *Lyons Partnership, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 796 (4th Cir. 2001)("[A] claim [for copyright infringement] accrues when 'one has knowledge of a violation or is chargeable with such knowledge.'" (quoting *Hotaling v. Church of Jesus Christ of Latter-Day Saints*, 118 F.3d 199, 202 (4th Cir. 1997)); *Jordan v. Sony BMG Music Entertainment Inc.*, 354 F.App'x. 942, 945 (5th Cir. 2009)("In this Circuit a copyright claim accrues 'when [the

3

party] knew or had reason to know of the injury upon which the claim is based.'" (quoting *Pritchett v. Pound*, 473 F.3d 217, 220 (5th Cir. 2006)); *Gaiman v. McFarlane*, 360 F.3d 644, 653 (7th Cir. 2004)("[T]he copyright statute of limitations starts to run when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his rights." (citation omitted)); *Comcast of Illinois X v. Multi-Vision Electronics, Inc.*, 491 F.3d 938, 944 (8th Cir. 2007)(finding that an action under Copyright Act "accrues and the statute of limitations begins to run when the plaintiff discovers, or with due diligence should have discovered, the injury which is the basis of the litigation." (citation omitted)); *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004)(noting that a cause of action accrues under § 507(b) "the moment when the copyright holder 'has knowledge of a violation or is chargeable with such knowledge,'" (quoting *Roley v. New World Pictures, Ltd.*, 19 F.3d 479 (9th Cir. 1994)), and holding further that "the statute of limitations does not prohibit recovery of damages incurred more than three years prior to the filing of suit if the copyright plaintiff was unaware of the infringement, and that lack of knowledge was reasonable under the circumstances.").

In short, the overwhelming weight of authority applies the discovery rule of accrual in copyright actions such as this, and the Sixth Circuit endorses the approach in *Roger Miller*.[1]

---

[1] To the extent *Goldman v. Healthcare Management Systems, Inc.*, 559 F.Supp.2d 853 (W.D. Mich. 2008), is to the contrary, the Court respectfully disagrees with it. The Court notes that the limitation issue and discussion in *Goldman* was in the context of a *Daubert* report on an expert's proposed damages calculation, not a motion for partial summary judgment. In fact, the Court had earlier <u>denied</u> a defense motion for summary judgment on the limitations issue. *Id.* at 862, n. 1 (citing *Goldman v. Healthcare Management Systems, Inc.*, No. 1:05-cv-035, 2006 WL 3589069 (W.D. Mich. Dec. 8, 2006). In the *Daubert* context, the Court simply recited the non-controversial point that a copyright action must be filed not later than three years after it accrues, and concluded the expert misapplied it. *Id.* at 862. The Court did not discuss the "injury" or "discovery" rule of accrual in the *Daubert* opinion. On reconsideration, the Court noted the issue and concluded the Sixth Circuit had not squarely addressed it. *Goldman v. Healthcare Management Systems, Inc.*, No.

Application of the discovery rule to copyright infringement actions not only comports with Sixth Circuit precedent and the decisions of the other Circuits to consider the issue, but is also sensible from a policy perspective. Inevitably, some infringements will be easier to discover than others. The discovery rule protects copyright holders from losing the benefit of their intellectual property as long as they act with reasonable dispatch upon actual discovery of infringement. It also ensures that unwitting infringers are not surprised by stale claims, by requiring a copyright holder to exercise due diligence in policing its rights, or lose its claims three years after it should have discovered the infringement. A rule of accrual that did not key off actual or constructive discovery, in contrast, would have the perverse effect of rewarding infringers who were cunning enough to conceal their infringement as long as possible.

Finally, the Defendants object that the Magistrate Judge should have found a question of fact concerning when Plaintiff should reasonably have known of the putative infringements (docket # 149 at 2). The question of when Plaintiff should have discovered the putative infringements is simply not at issue here. Nowhere in their motion for partial summary judgment did Defendants suggest that Plaintiff should have known of the putative infringements sooner than Plaintiff's actual discovery of them. Nor have Defendants presented any argument as to why they believe Plaintiff should have discovered the putative infringements any earlier than it did. Indeed, the Defendants do not offer any explanation for this particular objection in their own brief in support of their objections. The objection fails.

---

1:05-cv-035, 2008 WL 2559030, at * 3 (W.D. Mich. June 19, 2008). It did not discuss the other Circuit authority unanimously adopting the discovery rule. Ultimately, the Court did not find it necessary to take a position on the issue, choosing to frame the controlling question on reconsideration in different terms.

The Court concludes that the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 148) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED:**

1. Defendants' Motion for Partial Summary Judgment (docket # 112) is **DENIED**.

2. Plaintiff's Motion for Partial Summary Judgment (docket # 115) is **GRANTED**.

3. Defendants' affirmative defense based on the statute of limitations is **STRICKEN**.


Dated:     May 18, 2012                             /s/ Robert J. Jonker
                                                                     ROBERT J. JONKER
                                                                     UNITED STATES DISTRICT JUDGE